CHARLES W. OTIS *v.* TOWN OF BRIDPORT.

October Term, 1908.

Present: ROWELL, C. J., MUNSON, and WATSON, JJ., and MILES, Superior J.

Opinion filed November 2, 1908.

*Animals—Sheep Killed by Dogs—Duty of Notified Selectmen —P. S. 5639—Failure to Perform Duty—Effect—Instructions—Prejudice.*

Under P. S. 5639, when a person informs a selectman of a town that he has suffered damage through the killing of his sheep in that town by dogs, it is the duty of the selectman affirmatively to decide whether that is true, and, if so, to appraise the damage and certify to the selectmen the amount thereof; and where in such case the selectman decided and certified only that he was unable to determine the matter one way or the other, thereupon, because of the selectman's failure to do his duty, by the terms of P. S. 5644 an action of debt accrued to the sheepowner against the town to recover his loss, and in the trial of that action the selectman's said certificate was inadmissible in evidence in favor of the town.

Where, in an action against a town for the value of sheep killed by dogs, defendant's evidence showed that its selectman when notified by plaintiff failed to perform his duty to determine whether the sheep had been killed by dogs, and the court should therefore have submitted the case on the general issue only, defendant was not

prejudiced by an instruction that, if the selectman when notified did not make a full, fair, and honest investigation, he did not do his duty, and plaintiff could recover if his case was made out in other respects.

Where, in an action against a town for the value of sheep killed by dogs, it appeared that the selectman who was notified of the killing failed to determine whether it was done by dogs, but decided and certified only that he was unable to determine the matter one way or the other, defendant was not prejudiced by the court's failure to charge that the burden was on plaintiff to make out his case before the selectman.

In such case the court properly refused to charge that the selectman was entitled to an opportunity to view the carcasses of the sheep, and examine the premises, and that the jury could consider the removal of the carcasses and the failure to notify the selectmen for a week, as suspicious circumstances, in determining whether the sheep were killed by dogs, in case they found that the selectmen had not properly performed their duties.

DEBT founded on P. S. 5644 for the value of sheep killed by dogs. Plea, the general issue with notice. Trial by jury at the June Term, 1908, Addison County, *Powers,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. The following are the instructions requested by defendant and referred to at the end of the opinion as having been refused:—

"1. The jury are instructed that if one of the selectmen of defendant town of Bridport upon being informed by the plaintiff that some of his sheep had been maimed or killed by dogs within the limits of the defendant town proceeded to the premises where the damage was done and determined that no damage had been done by dogs within the limits of said town to any sheep owned by the plaintiff, then the selectmen fully performed the duties incumbent upon them and the said town of Bridport in the premises, and the statute not having provided for any action except upon the failure of the selectmen to perform their duties, you will bring in a verdict for the defendant.

2. That the statute contemplates that the selectman to whom the notice of the killing of sheep by dogs is given, shall have the opportunity of viewing the carcasses of the sheep, and of determining from an examination of the same and of the

premises where the damage was claimed to have been done, whether said sheep were killed by dogs or not before said sheep are removed or disturbed; and that the removing of said carcasses and a failure for about a week to notify the selectmen of a town in which the damage was done are suspicious circumstances, proper to be taken into consideration by the selectman in determining whether the said sheep were killed by dogs or not, and proper to be taken into consideration by you in determining the same question, in case the selectmen of the town have not fully performed their duties in the matter.

3. That the burden is upon the plaintiff of making out his case by a fair balance of the proof; and that this same burden rested upon him of making out his case when he called Mr. Stone, as a selectman of Bridport to view the premises and carcasses.

4. That the pasture being partly in Bridport and partly in Cornwall, the sheep last seen in the early evening on the highway ground near the highway in Cornwall, where they were accustomed to spend the nights, all the dogs in the neighborhood being located in Cornwall to the east or easterly, northeasterly or southeasterly of where twelve of the sheep were found and the remaining sheep found dead or dying in Cornwall, a ditch lying just west and a fence just south of where the twelve sheep were found, are circumstances all tending to show that the sheep were driven into Bridport from the high-ground of Cornwall, and are circumstances tending to show that the maiming or killing of the sheep or both may have occurred in Cornwall before the sheep fled ahead of the dogs into the Bridport part of the pasture to die.

5. The jury are instructed that if one of the selectmen of the defendant town, upon being informed by the plaintiff that some of his sheep had been maimed or killed by dogs within the limits of the town of Bridport, proceeded to the premises where the damage was done and reported to the board of selectmen of said town that he was utterly unable from the evidence presented to find and determine that any damage had been done by dogs to any sheep owned by the plaintiff, within the limits of said town, then the selectmen fully performed the duties incumbent upon them and the said town of Bridport in the premises, if in the December following they, as a Board, acting on said report determined that no damage had been done by dogs to plaintiff's sheep within defendant town, and the statute not having pro-

vided for any action except upon the failure of the selectmen to perform their duties, you will bring in a verdict for the defendant.''

*Charles I. Button,* and *James B. Donoway* for the defendant.

The selectman acted in a judicial capacity in the proceeding to determine whether the sheep were killed by dogs. *Daniels* v. *Hathaway,* 65 Vt. 247; *Universalist Society* v. *Leach,* 35 Vt. 108. And every reasonable presumption is made in favor of the validity of such a proceeding, 23 Am. & Eng. Enc. 272; which cannot be collaterally questioned. *Chenery* v. *Holden,* 16 Gray 126; 2 Cyc. 541.

*Wm. H. Bliss* for the plaintiff.

If the effect of the statutes were, as contended by the defendant, that the finding of the selectman is conclusive, whether his examination and determination were fair or not, it would authorize the taking of property without due process of law, and deprive the owner of his right of trial by jury, and would be unconstitutional. *Worcester Co.* v. *Ashworth,* 160 Mass. 186; *Weakland* v. *Yahner,* 2 Pa. Dist. 777; *Fairchild* v. *Rich,* 68 Vt. 202; *Kingston* v. *Towle,* 48 N. H. 57.

ROWELL, C. J. This is debt founded on P. S. 5644 to recover for sheep killed by dogs in the defendant town. Sec. 5639 provides that whoever suffers loss by the killing of his sheep by dogs, may inform one of the selectmen of the town in which the damage was done, who shall proceed to the premises where it was done, and determine whether it was done by dogs, and if so, that he shall appraise the amount thereof, and return a certificate of the amount to the selectmen of the town. Sec. 5644 provides that upon failure of the selectman to perform his duty in this respect, the party suffering the loss may recover it of the town in an action of debt founded thereon.

The defendant pleaded *nil debit,* and gave notice thereunder that it would prove and rely upon in defence the performance of his duty by the selectman. Under the notice the defendant offered in evidence a certificate that the selectman

returned to the board of selectmen, wherein he stated that after looking the premises over, and carefully considering the evidence presented to him by the plaintiff, etc., he was utterly unable to determine whether any sheep had been killed or not; and if any had been killed, whether they had been killed in Bridport or not; and if any had been killed in Bridport, whether they were killed by dogs or not; and that therefore he was unable to say that any damage had been done to plaintiff's sheep by dogs in said town; and that he was unable to appraise any damage resulting from said alleged killing of sheep; and that there was no evidence presented from which he could have appraised the damage had any been shown.

The court excluded the certificate, to which the defendant excepted. The exclusion was right, for the certificate showed the determination of nothing except the selectman's inability to determine whether any of the things before him for decision were true or not, thereby leaving them as much open and at large as they were before, whereas it was his duty to decide them one way or the other, failing which, he failed to perform his duty, whereupon an action of debt accrued to the plaintiff by the very terms of the statute.

But notwithstanding the exclusion of the certificate, the defendant introduced oral testimony tending to show substantially the same as the certificate showed.

The court charged the jury that if the selectman who was notified and went to the premises, made a full, fair, and an honest investigation, he performed his duty, and the plaintiff could not recover. But if he did not make such investigation, he did not perform his duty, and the plaintiff could recover, if his case was made out in other respects. The defendant claims that this was error. But if it was, it favored the defendant, for its testimony did not tend to show that the selectman performed his duty, but only that he did not perform it, and therefore showed no defence to the action on the ground of performance, and the court should have so ruled, and put the case to the jury on the general issue only.

It is unnecessary to say anything about what the court charged as to the duty of the board of selectmen in December, for there were no facts before the board that imposed any duty upon it in respect of the matter.

The court charged as requested that the burden was on the plaintiff to make out his case before the jury, but it did not charge as requested that the burden was on him to make out his case before the selectman who went to the premises. But if the burden was on him and he did not discharge it, he was not thereby defeated, for in that case it was the duty of the selectman to decide against him, which he did not do, but omitted to decide at all, and thereby failed to perform his duty. So the defendant was not harmed by the omission of the court to charge as requested in this respect.

The defendant made several other requests to charge, all of which were refused, and rightly, for none of them were sound in view of the evidence.

*Judgment affirmed.*